WYLIE, RODDIE & AMES *v.* J. Y. BRICE.

When a defendant offers to pay a draft within fifteen days, presented to him by an agent, who communicates the offer to the holder of the draft, and is instructed by him to grant the indulgence, which instruction is told the defendant: *Held,* that the offer was a continuing one, and that his conditional acceptance bound the defendant as if it had been done when first presented.

CIVIL ACTION, commenced in a Justice's Court, and carried by appeal to the Superior Court of MECKLENBURG, where it was tried at July (Special) Term, 1873, before his Honor, *Judge Moore.*

Upon the trial, the jury, under the charge of his Honor, returned a verdict in favor of the defendant. Judgment in accordance with the verdict, and appeal by the plaintiffs.

All the facts in relation to the point decided in this Court, are fully set out in the opinion delivered by Justice RODMAN.

*Jones & Johnston,* for appellants.
*Vance & Dowd,* contra, submitted:

The alleged error was in the charge of his Honor that the promise of defendant to Williamson was not binding " unless it had been accepted there and then, for the plaintiff," and they, the jury, need only consider the evidence of the alleged promise at Rock Hill, &c.

The original agreement with Jones was that defendant would pay a draft to plaintiffs for $150, if drawn on him by the first of November. As it was not drawn until the 24th of November, the acceptance was materially different from the proposition. Parsons on Contracts, p. 400, says, in regard to the *assent* which is necessary to make a contract complete: " The assent must comprehend the whole of the proposition ; it must be exactly equal to its extent and provisions, *and it must not qualify them by any new matter.*" Now, as the draft was not drawn at the time proposed, the defendant was not bound by his proposition to pay it, and the reason given by him illustrates the soundness of the law.

The question is, then, was there an acceptance of, or promise to pay to plaintiffs the draft of Jones to Williamson, the agent of plaintiffs? If there was, the charge was error; if not, it was correct. It must be borne in mind that the original proposition of defendant to honor a draft on the 1st of November not being complied with, was out of the way altogether, and Jones' draft was a *new proposition.* Its terms were to " pay on *demand.*" Boyce did not accept, but proposed to do so at the end of fifteen days. This was expressly declined by Williamson, on the ground that he had no authority to do so, but

said he would write to his principal. Now, if " an incomplete contract or agreement, which one of the parties has the option of completing at a particular day," (see *Eskridge* v. *Glover*, 5 Stewart & Porter, 264) " raises a mutual right of rescission in the other party at any time before the ratification of the first," much more right would the defendant have in this case to rescind his proposition to pay in fifteen days which was not only not accepted then, but no time asked or fixed for considering it, but was just left at large. When Williamson returned, therefore, with authority to accept Bryce's proposal to pay in fifteen days, Bryce had the right to decline, and his Honor was right in saying to the jury that the case turned on the alleged promise at Rock Hill. This was found against the plaintiff, and the case went off properly.

Again, if the promise or agreement with Jones was void because not complied with, and he had no funds of Jones on his hands when Williamson presented the draft, any promise he made to Williamson was void for want of consideration, and under section 8, chapter 59, Battle's Revisal.

RODMAN, J. This action was brought before a Justice of the Peace, and came to the Superior Court by appeal. No record of the pleadings before the Justice is sent up. It was tried *de novo* in the Superior Court, without any pleadings being filed there, and we can only infer the matters in issue, from the case, on the appeal from that Court to this.

From this, and especially from the instructions of the Judge, it appears that the plaintiff claimed,

1st. For a breach of the defendant's promise to pay the amount of Jones' draft on him, if plaintiff would wait fifteen days, which promise was alleged to have been made to Williamson, an agent of the plaintiffs.

2d. For breach of a promise to pay, alleged to have been afterwards made to plaintiffs personally at Rock Hill, in South Carolina, which promise the jury negatived.

We do not feel at liberty to consider any question except

that made by the plaintiff's exception to the Judge's charge. The Judge assumed that there was evidence which would have made the offer of the defendant binding, in case it had been immediately accepted. The case does not profess to set out all the evidence, and the only point discussed before us has been whether the omission by the agent *then and there* to accept the offer, authorized the defendant to treat it as a nullity under the circumstances. This, therefore, is the only point to which our consideration has been directed.

The plaintiffs resided at Rock Hill, South Carolina. Having a draft drawn by Jones on defendant, they sent it to Williams, as their agent to present it to defendant for payment at Charlotte. Williams, immediately on receiving the draft, presented it to defendant, who promised to pay it if Williams would wait fifteen days. Williams replied that he had no authority to do that, but would write to plaintiffs. He at once wrote to plaintiffs to that effect, and received a reply authorizing him to give the indulgence, of which he informed defendant, who said he would write to plaintiffs himself.

The Judge told the jury, in effect, that the promise to Williams was not binding, as it was not accepted for the plaintiff *then and there.*

In this we think his Honor erred.

A collection, and able discussion of the principal cases upon the making of contracts by correspondence, or by messengers, which are the same things, may be found in the second edition of Benjamin on Sales, 38, 51.

The cases most worthy of attention are *Adams* v. *Linsdell*, 1 B. & Ald., 681; *Dunlop* v. *Higgins*, 1 H. of L. Cas., 381, *Mactier* v. *Frith*, 6 Wend., (N. Y.) 104; *Tayloe* v. *Merchants' Fire Insurance Company*, 9 How., 390.

The law, as applicable to the facts of the present case, is this: When the defendant, on being presented by the agent of the plaintiffs with the draft from Jones, offered to pay it if the plaintiffs would wait fifteen days, the offer was a continuing

one for such reasonable time as would enable the agent to communicate it to his principal and receive his reply.

This reply was an acceptance of the offer, which was made and sent to the agent in a reasonable time, and communicated by him to the defendant. We think that after the acceptance of the offer by the plaintiff, the bargain was closed, and that defendant could not retract; or at all events, this was so, after the acceptance was made known to the defendant. At which of these dates it become closed, is not material in the present case.

PER CURIAM.                                    *Venire de novo.*